# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

Hayward L. Rogers, # 278510,      )     Case No. 2:19-cv-2084-TMC-MGB
    )
         Petitioner,      )
    )
v.      )     **REPORT AND RECOMMENDATION**
    )
Charles Williams,      )
    )
         Respondent.      )
_____ )

        Hayward Rogers, a *pro se* state prisoner, has filed a petition for habeas corpus under 28

U.S.C. § 2254. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)

(D.S.C.), the undersigned is authorized to review the petition and submit a recommendation to the

District Judge. For the following reasons, the undersigned has determined the Court lacks

jurisdiction over the petition. The undersigned therefore recommends that the petition be

summarily dismissed, without prejudice and without requiring the warden to respond.

## BACKGROUND

        Rogers has spent the past eighteen years challenging his 2001 state-court convictions.

*Rogers v. Cartledge*, No. 2:16-cv-3064-TMC-MGB, 2016 WL 7911877, at *1–3 (D.S.C. Sept. 15,

2016) (cataloguing Rogers' prior state PCR cases, federal habeas petitions, and civil-rights

actions), *adopted*, 2017 WL 264048 (D.S.C. Jan. 20, 2017). That history includes one § 2254

petition dismissed with prejudice, and another dismissed as an unauthorized successive petition.

*See id.* at 3 (noting prior case where this Court dismissed petition with prejudice; *Rogers*, 2017

WL 264048, at *__ (dismissing successive petition). In his latest habeas petition, he alleges he

was denied due process in a PCR appeal. (Dkt. No. 1 at 5.)

## LEGAL STANDARD

This is a preliminary review of Rogers' § 2254 petition.  *See* Rule 4, Rules Governing § 2254 Cases.  The narrow question before the Court is whether it "plainly appears" Rogers is not entitled to any relief.  Rule 4, Rules Governing § 2254 Cases.  If so, the petition must be dismissed; if not, the warden must respond.  *Id.*  Because Rogers is *pro se*, the undersigned has reviewed the petition liberally and considered whether it includes any potential grounds for relief.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In 2013, this court denied a § 2254 petition from Rogers on the merits and dismissed the case with prejudice.  *See Rogers v. Cartledge*, No. 2:12-cv-1858-TMC, 2013 WL 2338617 (D.S.C. May 29, 2013), *appeal dismissed*, 544 F. App'x 211 (4th Cir. 2013) (per curiam).  That dismissal triggered gatekeeping restrictions found in 28 U.S.C. § 2244(b).  Before Rogers may file a "second or successive" § 2254 petition, he must first ask for, and then receive, an order from the Fourth Circuit Court of Appeals authorizing this Court to consider the petition.  § 2244(b)(3)(A).  Rogers has not provided the Court such an order.

In a letter to the Court, Rogers says he recently filed a § 2244 application with the Fourth Circuit, and the Fourth Circuit then instructed him to file his current § 2254 petition here.  (Dkt. No. 1-1.)  He has enclosed a letter from the Fourth Circuit's Chief Deputy Clerk, Mark Zanchelli.  (*See* Dkt. No. 1-2.)  Rogers seems to believe the letter amounts to authorization to file a successive habeas petition.  If so, he is mistaken.  Filing authorization can come only in the form of an order issued by a three-judge panel of the circuit court.  § 2244(b)(3)(A)–(B).  The letter does not meet those criteria.  Indeed, it does not even acknowledge that Rogers is seeking § 2244 authorization, let alone say that the Fourth Circuit has granted it.  Rather, in the letter, Mr. Zanchelli states the

court had received Rogers' § 2254 petition and was returning it to him because such petitions are filed in district courts, not circuit courts. (Dkt. No. 1-2.)

To be thorough, the undersigned has searched the Fourth Circuit's online case management system to check the status of the § 2244 application Rogers mentions in his letter. The system did not show that he has any application pending or that any has been granted. The last application in the system was filed in December 2018 and denied this past January. *See In re Rogers*, No. 18-412 (4th Cir. Jan. 10, 2019).[1] Thus, it appears Rogers has neither received nor asked for permission to file the § 2254 petition at issue here.

Subsection § 2244(b)'s filing-authorization requirement is jurisdictional. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Without that authorization, this Court simply cannot hear Rogers' § 2254 petition. *See id.* The undersigned therefore recommends dismissing the petition for lack of jurisdiction.

If the petition is dismissed for lack of jurisdiction, the District Judge will need to decide whether to issue a certificate of appealability. *See* Rule 11(a), Rules Governing § 2254 Cases. A certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been denied on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and quotation marks omitted). Where a petitioner's constitutional claims are dismissed on procedural grounds, the petitioner must show both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that

---

[1] Over the years, the Fourth Circuit has denied five other § 2244 applications from Rogers. *See In re Rogers*, No. 15-348 (4th Cir. Nov. 19, 2015); *In re Rogers*, No. 15-219 (4th Cir. July 15, 2015); *In re Rogers*, No. 15-124 (4th Cir. Feb. 27, 2015); *In re Rogers*, No. 14-469 (4th Cir. Nov. 13, 2014); *In re Rogers*, No. 14-106 (4th Cir. Feb. 6, 2014).

jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). The undersigned does not see a basis for issuing a certificate in this case.

## **CONCLUSION**

The undersigned recommends that the Court summarily dismiss the petition for lack of jurisdiction, without prejudice and without requiring the respondent to file a return, and decline to issue a certificate of appealability.

**IT IS SO RECOMMENDED.**

August 23, 2019
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).