IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hayward L. Rogers, | ) | |
| | ) | C/A No. 2:19-2084-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Charles Williams, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Hayward L. Rogers, a prisoner proceeding pro se, filed this habeas petition pursuant to 28 U.S.C. § 2254. (ECF No. 1). On August 23, 2019, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") recommending that the court summarily dismiss this petition without prejudice due to lack of jurisdiction. (ECF No. 10 at 2).[1] Specifically, the magistrate judge determined that this petition was successive and Petitioner had not obtained authorization to file a successive § 2254 petition from the Fourth Circuit Court of Appeals. *Id.* at 3. Petitioner was advised of his right to file objections to the Report. *Id.* Rather than file objections, Petitioner has filed a motion to compel discovery. (ECF No. 12). In this motion, Petitioner is seeking an order compelling Respondent to provide a copy of the police incident report and the audio of his interrogation. *Id.* at 1.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 10) and incorporates it herein.  As the magistrate judge found, this court is without jurisdiction because Petitioner has failed to obtain authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition. Accordingly, the Petition is **DISMISSED without prejudice**.  Further, Petitioner's motion to compel (ECF No. 12) is **DENIED** as moot.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the

denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 17, 2019